# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

CARL C. CHESHIRE                                  CIVIL ACTION NO. 3:15CV933

VERSUS                                           JUDGE ROBERT G. JAMES

AIR METHODS CORP                                 MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

Before the Court is a Motion to Compel discovery and an associated request for

attorneys' fees, filed by Defendant Air Methods Corporation ("AMC") [doc. # 68]. The Motion

is opposed. [doc. # 75]. For reasons set forth below, the Motion to Compel is **GRANTED** and

the request for attorneys' fees is **DENIED**.[1]

## Background

This discovery dispute arises out of the first set of interrogatories and document requests

served by Defendant AMC on Plaintiff Carl Cheshire. On February 20, 2015, Plaintiff filed the

instant suit against Defendant alleging that he was constructively terminated in violation of a

collective bargaining agreement when he was forced to resign in lieu of termination. [doc. # 14,

p. 1]. Plaintiff alleges that his constructive termination was in retaliation for reporting safety

violations to his supervisor and for notifying law enforcement agencies of Defendant's illegal

actions. *Id.* at 2.

On July 6, 2015, Defendant propounded its first set of discovery to Plaintiff. [doc. # 68-

1]. On August 13, 2015, Plaintiff responded to some of the interrogatories and document requests

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

but objected to others on the basis of relevance, scope and privilege. *Id.* at 28. On September 16,

2015, counsel for Defendant wrote a letter to Plaintiff's counsel, informing her of several alleged

deficiencies in the discovery responses and requesting supplemental responses. *Id.* at 42.

Additionally, Defense counsel informed Plaintiff that he had waived all objections to

Defendant's written discovery due to Plaintiff's failure to meet the discovery deadline in

responding to the requests. *Id.* Plaintiff's counsel subsequently forwarded supplemental

responses to Defendant's counsel. *Id.* at 57. Nevertheless, according to Defendant, Plaintiff's

responses remain deficient. [doc. # 68]. Defendant attempted to resolve the issues contained in

his Motion to Compel in a letter to Plaintiff on September 16, 2015. [doc. # 68-1, p. 42].

On October 22, 2015, AMC filed the instant Motion to Compel discovery, and request for

associated attorney's fees. [doc. # 68]. Plaintiff responded in opposition to the motion on

November 10, 2015, and Defendant filed a response to Plaintiff's opposition on November 18,

2015. [docs. # 75, # 80]. Thus, the matter is now before the court.

<u>**Law and Analysis**</u>

I.       **Standard of Review**

Rule 26(b)(1) of the Federal Rules of Civil procedure provides that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense . . . ." FED. R. CIV. P. 26(b)(1). The Rule specifies that "[r]elevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections. *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D. N.J. 1996)).

Rule 33 provides that a party may request another party to respond to up to 25 written interrogatories, including discrete subparts. FED. R. CIV. P. 33(a)(1). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." *Id.* at (b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath . . . . The grounds for objecting to an interrogatory must be stated with specificity." *Id.* at (b)(3)-(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at (b)(4).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." FED. R. CIV. P. 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Although Rule 34 does not

provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision

applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

A party seeking discovery may move for an order compelling production against another

party when the latter has failed to produce documents for inspection. *See* FED. R. CIV. P.

37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. *Id.* at (a)(4).

Furthermore, the court "may, on motion, order sanctions if . . . a party after being properly served

with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its

answers, objections or written response." *Id.* at (d)(A).

The discovery rules are accorded a broad and liberal treatment in order to achieve their

purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 177

(1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Sanders*, 437

U.S. at 351. A court may limit discovery if: (1) the discovery sought is unreasonably cumulative

or duplicative, or is obtainable from another, more convenient, less burdensome, or less

expensive source; (2) the party seeking discovery has had ample opportunity to obtain the

information sought; or (3) the burden or expense of the proposed discovery outweighs its likely

benefit. FED. R. CIV. P. 26(b)(2)(C).

## II.    Waiver

Defendant argues that Plaintiff's responses to its first set of interrogatories was seven

days late, and therefore the Plaintiff's objections are waived. [doc. # 68, p. 1]. Defendant requests

that the court order Plaintiff to provide answers to the interrogatories without any objections. *Id.*

Failure to provide timely written answers and/or objections to interrogatories generally waives all

objections to the interrogatories, unless the court excuses the failure for good cause. FED. R. CIV.

4

P. 33(b)(4); *see In re United States*, 864 F.2d at 1156 ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). However, the court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made. *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1638022, at *2 (E.D. La. Apr. 13, 2015); *Fifty–Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); *Lucero v. Martinez*, 2006 WL 1304945, at *2 (D. N.M. Mar. 11, 2006); *Kolenc v. Bellizzi*, 1999 WL 92604, at *3 (S.D. N.Y. Feb. 22, 1999).

In this instance, Plaintiff's objections concerning relevance, scope and privilege should at least be considered and not deemed waived. Given the record, the court finds that Plaintiff's failure to provide timely responses was not so egregious as to merit a waiver of all objections. Plaintiff provided responses to Defendant's written discovery within 7 days of the deadline. [*See* doc. # 68-1, p. 28]. The record reflects that Plaintiff only specifically objected to three interrogatories and five requests for production of documents. *See id.* at 43-51. There is no support in the record that Plaintiff's late assertion of these objections has been made in bad faith or with dilatory intent. For all of these reasons, the Court exercises its discretion to find that these objections have not been waived.

**III.    Disputed Discovery**

A.    Interrogatory No. 16 and Request for Production No. 19

In Interrogatory No. 16, Defendant requested Plaintiff to "identify any mobile phone number that you used, the make and model of the mobile phone that you used, . . . and the mobile phone carrier that you used" during the duration of your employment with AMC. [doc. # 68-1, p.

33]. Relatedly, Defendant's Request for Production No. 19 requests: "any and all documents related to your usage of the mobile phone numbers and devices identified in Interrogatory No. 16, including any documents describing the date, time and duration of calls, and the date and time of text messages." *Id.* at 38.

Plaintiff responded to both requests by objecting to the relevance of the request. *Id.* at 33, 38. Also, Plaintiff objected to the request for production on the grounds that the request was too broad in scope and would reveal privileged attorney-client communication. *Id.* On October 15, 2015, Plaintiff supplemented his response to Request for Production No. 19 again objecting on the grounds of relevance. *Id.* at 58.

Defendant argues that the requested information is relevant to the issue of damages. [doc. # 68-2, p. 3]. In light of Plaintiff's prayer for lost wages, Defendant contends: "If it can be shown that plaintiff was using his mobile phone while piloting a helicopter, and that AMC would have terminated him for that conduct, the after-acquired evidence rule may reduce his economic recovery." *Id.* Plaintiff argues that Defendant's assertion is unsupported by any facts and is nothing more than a "fishing expedition." [doc. # 75, p. 2].

While the Court does find that the sought after evidence could lead to the discovery of admissible evidence, the record is devoid of any evidence or allegation that suggests Plaintiff operated AMC's helicopter while using a mobile phone. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1977) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, the Court does not find that the information sought from the cell phone records of the Plaintiff is reasonably calculated to lead to the discovery of admissible evidence. The court sustains the objection of irrelevancy

6

raised against Interrogatory No. 16 and Request for Production No. 19.

B.    Request for Production No. 11

Request for Production No. 11, seeks: "all documents that evidence any effort to obtain employment since your separation of employment from Air Methods Corporation, including but not limited to resumes, job applications, logs, emails, and correspondence to and/or from prospective employers." [doc. # 68-1, p. 36]. Plaintiff initially responded that he was reviewing his email account and would "provide this information at a later time." *Id.* On October 15, 2015, Plaintiff sent a letter to defendant stating that the requested information had been produced to the Plaintiff's vocational expert, and that it would be incorporated into her report in conformity with the Scheduling Order. [doc. 68-1, p. 58].

The Court finds that all of the requested information is either relevant to the subject matter of this suit or is reasonably calculated to lead to the discovery of admissible evidence. Rule 34 expressly provides that a party may seek production of documents or tangible things within the scope of Rule 26(b). The discovery requests regarding prior, current, and future employment are relevant under Rule 26(b) to Plaintiff's claim of lost earnings. *See Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605, at *2 (W.D. La. Aug. 11, 2006) (finding that a plaintiff's employment history was relevant to his claim for loss of earning capacity and lost future wages). The request is also relevant to Defendant's potential failure to mitigate defense.  Plaintiff's argument that the requested information has already been produced to Plaintiff's expert is unavailing. Accordingly, Plaintiff is **ORDERED** to produce any information responsive to Defendant's requests and to timely supplement his production if additional information becomes available.

C. <u>Request for Production No. 17</u>

In Request for Production No. 17, Defendant asks Plaintiff to sign an Employment

Records Release Authorization. [doc. # 68-1, p. 49]. Plaintiff stated in response that "Defendant

is in the possession of my employment records. I object to the relevance of this request. I have

had no employment since my termination from AMC." *Id.*

The Federal Rules of Civil procedure do not prevent a party from willingly executing a

release authorizing a nonparty custodian to produce confidential employment records directly to

another party. Some courts allow a party to use a Rule 34 request to force the responding party to

provide a release enabling the requesting party to get the records directly from the nonparty

custodian. *See Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D. D.C. 2005) (holding that

medical records are within custody of party and, where party not in actual possession, party

should execute medical release); *Williams v. NPC Intern., Inc.*, 224 F.R.D. 612, 613 (N.D. Miss.

2004). However, a majority of courts have held that Rule 34 itself does not give courts the power

to order a party to sign a release. *See E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 575 (W.D.

Ark. 2014); *Fields v. West Virginia State Police*, 264 F.R.D. 260, 263 (S.D. W. Va. 2010); *Mills

v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 133 (S.D. W. Va. 2009); *Klugel v.

Clough*, 252 F.R.D. 53, 55 (D. D.C. 2008) (holding that there is no basis under Rule 34 to

compel a signed release).

Rather, the proper procedure is to request the documents from the party, which then has a

duty to collect them from the nonparty custodian to the extent the requested information is within

the party's possession, custody, or control. If the requested information is not within the

Plaintiff's possession, custody or control, then the employment records should be subpoenaed

8

directly from the non-party custodian. *See* FED. R. CIV. P. 34(a)(1). The court does not find that the Rule 34 Request for Production No. 19 compels Plaintiff to sign an Employment Records Release Authorization.

D.      Request for Production No. 25

Request for Production No. 25 asks Plaintiff to "produce all correspondence , reports or opinions to you or your attorney by an investigator or third party that relate to your claims in the Complaint or that you claim support your claims in the Complaint." [doc. # 68-1, p. 50]. Plaintiff objected to the requested evidence as protected by attorney-client privilege as well as work product prepared in anticipation of litigation. *Id.* Additionally, Plaintiff responded that he did not posses any such communication or reports at this time. *Id.* After Defendant asked Plaintiff to supplement his response, Plaintiff stated that there were "no third party reports other than expert reports which will be produced in accordance with the Scheduling Order." *Id.* at 59. Defendant still contends that this response is inadequate because Plaintiff fails to address whether there are any communication other than reports, such as opinions. [doc. # 68-2, p. 6]. As to Plaintiff's privilege claim, Defendant points out that Plaintiff has yet to produce a privilege log. *Id.*

The work-product doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators in anticipation of litigation. FED R. CIV. P. 26(b)(3); *Conoco v. Boh Brothers Construction Co.*, 191 F.R.D. 107, 117-18 (W.D. La.1998); *Hickman v. Taylor*, 67 S. Ct. 385, 393-94 (1947). The Court first overrules Plaintiff's privilege objection because Plaintiff has not produced a privilege log. As the party invoking the privilege, Plaintiff is obliged to expressly make that claim and to "describe the nature of the documents, communications, or tangible

things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess" the applicability of the privilege or protection. FED. R. CIV. P. 26(b)(5)(A). Accordingly, Plaintiff's objection is overruled, subject to his right to re-urge the objection in connection with a properly documented privilege log.

However, Plaintiff has also stated that there are no reports at this time and no discoverable communications or opinions. [doc. # 68-1, p. 50; # 75, p. 3]. In light of these responses, it would now appear that there is nothing further to compel from Plaintiff at this time, unless there are in fact responsive documents for which Plaintiff claims privilege, in which case, Plaintiff must provide a privilege log.  Of course, Plaintiff is under a duty to supplement his responses should responsive information become available.  Accordingly, Defendant's motion to compel Plaintiff to produce all correspondence, reports or opinions by an investigator in relation to Plaintiff's claim is GRANTED to the extent that any documents for which he claims privilege exist, and DENIED as MOOT as to any other documents.

## IV.    Request for Attorneys' Fees

When a motion to compel is granted, the Court is authorized to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5). The Rule provides exceptions for non-disclosures and responses that were substantially justified or for circumstances that make an award unjust. *Id.*

Here, the Court finds that the parties shall each bear their own costs in connection with the Motion. Plaintiff has not violated any prior Court discovery order. In addition, although some of Plaintiff's objections to Defendant's discovery requests were erroneous, there is no indication

10

that the objections were made in bad faith. This is all to say that an award of fees and expenses under the present circumstances would be unjust. Nevertheless, if Plaintiff fails to comply with the instructions herein, the Court will be compelled to impose appropriate sanctions.

### Conclusion

For the reasons stated above,

Defendant's Motion to Compel discovery, [doc. # 68], is **GRANTED in part as set out above,** and Defendant's request for attorneys' fees, [doc. # 68], is **DENIED**.

**IT IS ORDERED** that, within **fourteen (14) days** from the date of this Order, Plaintiff shall supplement her responses to Defendant's requested discovery in accordance with the Order herein.

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of November, 2015.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE